I conclude that the trial court's award of alimony, its division of the marital assets, and its award of an attorney fee were equitable. I would reverse the judgment because the alimony award should be characterized as "in gross" rather than "periodic," because it was essentially intended to be a division of property payable in installments.
Although an award of alimony in gross is modifiable if the right to modify it is expressly reserved, Hager v.Hager, 293 Ala. 47, 299 So.2d 743 (1974), such would not be equitable in this case, because of the length of the marriage and the computation of the amount. Therefore, I would instruct the trial court upon remand to eliminate the provision terminating the monthly installments upon the death of the husband or wife or upon the remarriage of the wife.
The master, as authorized by Rule 53, Ala. R. Civ. P., reported to the trial court: "My proposed settlement is intended to split the total joint estate into approximately equal shares as we discussed previously."
The master determined that the total marital estate was valued at $1,254,253. He recommended awarding the wife $610,223 and the husband $644,030. Included in the amount he recommended for the wife was alimony of $251,064. In recommending monthly installments of $2,100, rather than an immediate lump sum payment, he added interest at 8 percent, which, if paid over the 20 years, would be $504,000.
The wife contends that the husband's corporation should have been sold and the proceeds divided. The corporation's C.P.A. testified that the federal and state taxes resulting from the withdrawal of cash from the corporation and from the sale of corporate assets would be nearly $500,000. The trial court could have decided that the sale of the corporation was not advisable because it could have unnecessarily reduced the marital estate and left the husband with no assured employment income with which to support himself and the wife.
Further, the owner of a similar business testified that the sales price of the husband's corporation would be questionable because it is considered a personal-type business dependent upon the husband's ability, with no value for goodwill.
After payment of taxes and alimony, the husband's net annual income would be approximately $39,000. The wife's gross annual income from Social Security, interest, dividends, employment, and alimony would be approximately $39,000.
Because of the questionable sales price of the husband's corporation and the tremendous tax consequences if it were liquidated, the trial court wisely appointed a master, and it did not abuse its discretion in following the master's recommendation.